[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 14, 1963, the defendant, Romeo Vezina ("Vezina"), recorded a map entitled "Plan Number 2 Hillsdale Park" with the Plainfield Town Clerk ("the subdivision"). The map consisted of a 39 lot subdivision located on Oak and Pine Streets in the Town of Plainfield. A portion of lot 23 of the subdivision was conveyed by Vezina to Amelia Fournier by warranty deed dated July 3, 1968. CT Page 12133 What remains of lot 23 — currently referred to as lot 23A — is the subject of this appeal, (Return of the Record ["ROR"] # 8). Lot 22 of the subdivision — located adjacent to lot 23A — was conveyed to the plaintiffs by warranty deed dated August 8, 1983. The Town of Plainfield adopted zoning on September 25, 1972, nearly ten years after the subdivision map was recorded. Lot 23A is located in an RA-30 (residential) zone.
Vezina placed restrictive covenants on each lot in the subdivision. Lot 23A was conveyed to the Hillsdale Park Homeowners Association, Inc. by deed dated September 25, 1971 (ROR # 6). The deed made reference to the same restrictions to which all other lots in the subdivision were subject However, the deed imposed an additional restriction:
 "Subject also to the restriction that said premises shall be used for recreational purposes only and in the event said premises are not so used or in the event, for any reason, the corporate existence of the grantee terminates, then the above described premises shall revert immediately to the grantor, his heirs and assigns."
The Hillsdale Park Homeowners Association, Inc. filed an affidavit and Certification of Forfeiture on the Plainfield Land Records on April 12, 1990 Lot 23A was thus returned to Vezina under the terms of the earlier deed.
On October 29, 1992, Vezina, acting through his agent Albert L. Fitzback, applied for a variance with respect to Article III Section 3.1 of the Plainfield Zoning Regulations ("the regulations"). The regulations require a set back of forty feet from the road for a normal lot. For a corner lot the regulations requires a forty foot set back from each road. The variance sought by the defendant Vezina was to reduce one of the two side yard setback requirements on a corner lot from 40' to 15'. A single family dwelling would then be built on lot 23A.
After publication of notice, a hearing was held on December 1, 1992. Both Vezina's representative and the plaintiff, Steven Schlachter, were present. The Zoning Board of Appeals, ("ZBA"), citing a "corner lot hardship" granted the application. The plaintiff now appeals. CT Page 12134
LAW:
A trial court may grant relief in an appeal from a decision of an administrative authority only where the authority has acted illegally, arbitrarily, or has abused its discretion.Raybestos-Manhattan Inc. v. Planning Zoning Commission,186 Conn. 466, 470, 442 A.2d 65 (1982). The burden of proof is on the plaintiff to demonstrate that the board acted improperly. Spero v.Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590 (1991);Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707,535 A.2d 799 (1988). Where the zoning authority has not provided the reasons for its decision, the court must search the record to find a basis for the commission's decision. Double I Limited Partnership v. Plan Zoning Commission, 218 Conn. 65, 73, 588 A.2d 624 (1991). The court is simply to determine whether the record supports the conclusions reached by the agency. Primerica v. Planning ZoningCommission, 211 Conn. 85, 96, 558 A.2d 646 (1989).
General Statutes § 8-6 (3) empowers zoning boards of appeals to vary the application of zoning regulations if (1) the variance is shown not to affect substantially the comprehensive plan and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to carrying out the general purpose of the plan. Grillo v. Zoning Board of Appeals, 206 Conn. 362,368, 537 A.2d 1030 (1988).
From the record it is clear that the granting of the variance would not substantially affect the Town's comprehensive plan as the lot in question is in a R-30 residential district which is a zone district primarily for one-family dwellings. Further, the plaintiffs do not contend that the granting of a variance will substantially affect the comprehensive zoning plan nor do the plaintiffs brief this issue. Therefore, it is found that upon appeal the trial court need not address this issue. See also Practice Book, Sec. 285A.
The reason cited for granting the variance by the defendant, ZBA was "corner lot hardship" in that under the provisions of the Plainfield Zoning Regulations 3.1, the lot in question which abuts both Pine Street and Oak Street is required to have a 40' setback from both streets or two front setbacks. Had this property been located only on Oak Street, there would be no need for a variance as the required sideline provisions of 3.1 would be met by the layout of the proposed two bedroom raised ranch as set forth in the site plan (ROR # 8). It would appear from a review of the site CT Page 12135 plan, that it would not be possible to lay out the dwelling and on-site septic system and comply with two front setback requirements. As a matter of record, the site plan with on-site septic system had been approved by the Northeast District Department of Health (ROR # 11).
There is a distinction between a situation where an applicant or his predecessor in interest creates a hardship and a situation where the hardship originates in the zoning regulations.Adolphson v. Zoning Board of Appeals, supra, 712. In the first instance, the board does not have the authority to grant a variance. Id. If, however, the hardship arises by virtue of the enactment of a zoning ordinance, the board may be justified in granting the variance. Id., 712, 713. Also, where the hardship involved "`arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in sound exercise of its liberal discretion, grant the variance.'"Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 657-658,427 A.2d 839 (1980), Belknap v. Zoning Board of Appeals, 155 Conn. 380,384, 232 A.2d 922 (1967).
The lot in question had originally been deeded to the association for recreational purposes which it apparently deemed an inappropriate use of the lot and the lot had been returned to the defendant, Vezina. It appears from the record that there is no reasonable alternative use of the lot in question other than to construct a one-family dwelling thereon and as the Court concluded in Pike v. Zoning Board of Appeals, 31 Conn. App. 270, 624 A.2d 909
(1993), if there is nothing in the record demonstrating any reasonable alternative uses for the property in question then an unusual hardship exists. The lot in question was assessed as a building lot (ROR #5; minutes of public hearing Tr.P. 3, and a copy of the Town's assessment record, ROR # 9). The testimony of Albert L. Fitzback, (Tr.P. 3) and Greg Martells, (Tr.P. 4), indicates that the granting of the variance would be to permit the best use of the property in question. Not to grant the variance requested and therefore, not permit the defendant, Romeo Vezina, to construct a one-family dwelling upon the premises would leave no alternative but to leave it vacant. The ZBA could find that this is not a reasonable alternative use of the property in question. It would also leave a lot that has been designated and taxed by the Town as a building lot, but without the ability to use it for that purpose. The ZBA has adopted an appropriate and reasonable response to this hardship. The court finds adequate support in the record for the action of the Board. CT Page 12136
While the plaintiffs attempt to raise in their appeal issues of restrictive covenants in the subdivision deed, that claim is outside the scope of appeal since it was neither raised in the hearing before the Board nor properly preserved in the record of appeal.
It is found that the record supports the conclusion of the ZBA to grant a variance to the applicant Vezina. It is also found that the plaintiffs have failed to demonstrate that the ZBA acted illegally, arbitrarily, or in an abuse of its discretion in issuing a variance to Vezina. Therefore, the plaintiffs' appeal should be, and is, dismissed.
Foley, J.